SO ORDERED.

SIGNED this 17th day of November, 2011.





Robert E. Nugent
United States Chief Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

IN RE:

SAMANTHA J. TALKINGTON,  )  Case No. 10-13714
REID A. FARR,            )  Chapter 7
                         )
        Debtors.         )
_____)
                         )
J. MICHAEL MORRIS, Trustee, )
                         )
        Plaintiff,       )
                         )
v.                       )  Adversary No. 11-5148
                         )
SAMANTHA J. TALKINGTON,  )
REID A. FARR,            )
        Defendants.      )
_____)

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR PARTIAL JUDGMENT ON THE PLEADINGS

The Trustee seeks partial judgment on his amended complaint for turnover of the Debtors'

2010 federal and state income tax refunds, foreclosure of the avoided lien on their 2005 Suzuki

motorcycle, and revocation of their discharge pursuant to 11 U.S.C. § 727(d)(2) and (d)(3).[1] In their response, the Debtors conceded to the facts alleged in the motion but requested denial of the motion and time to pay the funds owed to the Trustee.[2] The Debtors claim their financial situation doesn't allow them to make a lump sum payment to the Trustee.

The Court finds that the debtors have made the following admissions, both in their Answer and in their response to the Trustee's motion: (1) the Debtors were ordered to turnover $3,709.22 of their 2010 tax refunds to the Trustee and has failed to do so; (2) they have a current balance of $183.84 in sanctions; and (3) the Trustee has avoided and preserved the lien of HSBC Retail Services as to their 2005 Suzuki motorcycle and that he is entitled to foreclose on that lien. While the Trustee has not asserted a legal basis for foreclosure of the lien, the Debtors acquiesce in that result. The Court reads their acquiescence as an abandonment of their interest in the motorcycle.

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c) which applies in adversary proceedings.[3] Rule 12(c) provides that the summary judgment standards apply to disposition of a motion for judgment. Where there are no material issues of fact and the movant is entitled to judgment as a matter of law, judgment should be entered. Here, the Debtors have conceded all of the material facts alleged in support of the Trustee's motion and, at least as to the claims concerning their failure to remit their 2010 tax refunds and sanctions, he is entitled to judgment as a matter of law. And, while he has stated no legal basis upon which the court may foreclose the estate's avoided lien in the Suzuki, the Debtors have essentially agreed to

---

[1] Dkt. 11.

[2] Dkt. 17.

[3] Fed. R. Bank. P. 7012.

surrender it.[4] That the Debtors are unable to pay any judgment at this time is no defense either to the Trustee's claims as pleaded or to his partial motion for judgment.

The Court may therefore GRANT the Trustee's partial motion for judgment on the pleadings. A JUDGMENT in the amount of $3,893.06, plus interest of 10% on $3,709.22 from April 15, 2011, will be entered in favor of the Trustee on his turnover claim this day. A further decree finding that the estate's avoided lien in the Suzuki has become absolute and directing the Trustee to dispose of same in any commercially reasonable manner consistent with the Uniform Commercial Code shall be part of the Judgment. There being no just reason for delay, the Judgment to be entered under this order shall be final. The Court orders counsel for the parties to meet and confer concerning a possible payment arrangement.

The Clerk shall place this matter on the court's status conference docket for hearing as soon as is practicable to address the remaining claim.

A Partial Judgment on Decision will issue this day.

# # #

---

[4] The Court notes that the Debtors' statement of intention is silent concerning the motorcycle.